UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NIYA RUCKER,

                                  Plaintiff,

               -against-

CASWELL SENIOR, BOBBY WILLIAMS, 109 W 14 REST.
INC. d/b/a GOOD STUFF DINER, and JOHN & JANE DOES
1-5 whose true names are unknown,

                                 Defendants.
------------------------------------------------------------------------X

Civil Action No. 19-4285

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, NIYA RUCKER, by and through her attorney, ABE GEORGE, ESQ., of the LAW OFFICES OF ABE GEORGE, P.C., complaining of the Defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

### PRELIMINARY STATEMENT

      1.     This is an action to recover for personal injuries suffered as a result of an intentional assault upon Plaintiff's person by Defendants CASWELL SENIOR aka "Casanova 2x", BOBBY WILLIAMS, and unknown others JOHN and JANE DOES 1-5 (hereinafter, "Doe Defendants"), and also as a result of the negligence of 109 W 14 REST. INC. d/b/a GOOD STUFF DINER (hereinafter "Good Stuff"), by not providing adequate security to ensure the safety of Plaintiff while she was inside patronizing Defendant Good Stuff's establishment, a food service establishment located at 109 W 14th Street, New York, New York, on or about August 5, 2018, at approximately 4:40AM.

      2.     Plaintiff seeks compensatory and punitive damages, an award of costs, interest, and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

3. Jurisdiction is based on diversity of citizenship. The amount in controversy exceeds $75,000.00.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of Plaintiff's claims as pleaded herein.

**PARTIES**

5. At all times mentioned herein, Plaintiff was, and continues to be, a resident of the State of Maryland.

6. Upon information and belief, at all times mentioned herein, Defendant Caswell Senior was, and continues to be, a resident of the County of Kings, in the State of New York.

7. Upon information and belief, at all times mentioned herein Defendant Bobby Williams was, and continues to be, a resident of the County of New York, in the State of New York.

8. Upon information and belief, at all times mentioned herein, Defendant Good Stuff was, and continues to be, a domestic corporation that managed, maintained, and operated a place of business located at 109 W 14th Street, in the County of New York, in the State of New York, said place of business being a diner, the premises and common areas of which were maintained and managed by Good Stuff.

9. Upon information and belief, the Doe Defendants were persons acquainted with, and companions of, Defendants Senior and Williams.

## STATEMENT OF FACTS

10. On or about August 5, 2018, at approximately 4:40am, Plaintiff was patronizing Good Stuff Diner. Defendant Senior, in the company of Defendant Williams and other male and female companions (Doe Defendants), was also patronizing Good Stuff Diner at said date and time.

11. At the above-mentioned time and place, Plaintiff, using her phone, attempted to share live images of her breakfast to share on Plaintiff's "Instagram" social media account.

12. Defendant Senior is married but was at the diner with female companions Jane Doe # 1 and Jane Doe #2.

13. Defendant Senior observed Plaintiff holding her phone, and mistakenly believed that Plaintiff had either taken, or was attempting to take, a picture or video of Defendant Senior with Jane Doe # 1 and Jane Doe # 2.

14. Upon information and belief, Defendant Senior expressed a desire to Williams and the Doe Defendants to either prevent Plaintiff from taking pictures and/or video of Defendant Senior, or if already taken, to dispose of any said images from Plaintiff's phone.

15. Upon information and belief, Defendant Senior asked Williams and the Doe Defendants to take whatever action necessary including physical force to take Plaintiff's phone.

16. At Senior's behest, Defendant Williams and the Doe Defendants approached Plaintiff and struck Plaintiff about her person, and Senior forcibly took possession of Plaintiff's phone from Plaintiff's person over her objections.

17. Upon information and belief, during the above described altercation, Defendant Williams placed his arms around Plaintiff's neck and applied force so as to restrict Plaintiff's breathing.

18. Upon information and belief, while Defendant Williams maintained the above described strangulation grip on Plaintiff, Defendant Senior held Plaintiff's phone in his possession, and starting search through Plaintiff's phone, deleting the live video from "Instagram" that Plaintiff had previously posted.

19. Upon information and belief, the above described actions of Defendants Senior, Williams, and the Doe Defendants took place in the presence of agents, representatives, and employees of Defendant Good Stuff.

20. Defendant Good Stuff and their employees took no action to prevent or stop the assault against Plaintiff.

**FIRST & SECOND CAUSES OF ACTION:**
Assault and Battery Against Senior, Williams & Doe Defendants

21. Plaintiff repeats, re-alleges, and reiterates each and every allegation set forth above as if fully set forth herein at length.

22. The intentional physical conduct of Defendants Senior, Williams, and the Doe Defendants placed Plaintiff in imminent apprehension of harmful contact.

23. Further Defendants Senior, Williams, and the Doe Defendants made harmful contact against the Plaintiff causing Plaintiff to suffer serious physical injuries including a fractured jaw, damaged teeth, loss of consciousness, bleeding, a split lip, contusions, scrapes, and lacerations, great physical pain and mental anguish.

**THIRD CAUSE OF ACTION:**
Intentional Inflection of Emotional Distress Against Senior, Williams & Doe Defendants

24. Plaintiff repeats, re-alleges, and reiterates each and every allegation set forth above as if fully set forth herein at length.

25. Defendants Senior, Williams, and the Doe Defendants conduct in assaulting Plaintiff to take her phone through force was extreme and outrageous.

26. Defendants' conduct has caused Plaintiff to suffer emotional distress including but not limited to insomnia, anxiety and depression.

## FOURTH CAUSE OF ACTION
Negligence Against Good Stuff Diner

27. Plaintiff repeats, re-alleges, and reiterates each and every allegation set forth above as if fully set forth herein at length.

28. Upon information and belief, prior to the assault on Plaintiff, assaults and altercations have occurred in the past with some regularity at Good Stuff Diner, which is open 24 hours, seven days a week. It is understood that such a diner may be often frequented in the late night and early morning hours by patrons who have spent the earlier part of the evening imbibing alcoholic beverages, and that assaults and altercations are not unlikely to occur.

29. For instance, in the early morning hours of October 24, 2010, Corey Scott was shot and killed inside of "Good Stuff" after Scott and his friends had entered the diner after a night of partying and drinking whereupon Scott got into a verbal altercation with another group of individuals at the diner which ultimately turned deadly. **See Exhibit A:** https://www.villagevoice.com/2010/10/24/murder-inside-the-good-stuff-diner-on-west-14th-street-updated-with-video/

30. Despite the occurrence of prior assaults and altercations, and knowledge of the likelihood that they would re-occur, Defendant Good Stuff did not provide adequate security to protect its patrons, including Plaintiff.

31. Defendant Good Stuff failed to intervene during the assault of Niya Rucker. Niya Rucker's injuries may have been less severe had Good Stuff intervened to stop the assault.

32. Defendant Good Stuff knew, or should have known, of the likelihood that an assault or altercation resulting in serious injury would ultimately occur and should have provided adequate security for such an eventuality, but failed to provide adequate security for Plaintiff.

33. Defendant Good Stuff had a duty to persons in Plaintiff's position to maintain the premises in a safe manner, and it was reasonably foreseeable that failure to do so would result in injury to persons such as Plaintiff.

34. As a result of Good Stuff's negligence, Plaintiff suffered serious physical injuries including a fractured jaw, damaged teeth, loss of consciousness, bleeding, a split lip, contusions, scrapes and lacerations, great physical pain and mental anguish.

**WHEREFORE**, Plaintiff demands judgment on the First through Fourth Causes of Action in an amount to be determined at trial, together with such other and further relief as this Court deems just and proper, including, but not limited to, reasonable attorneys fees, interests, costs, and disbursements.

Dated: July 25, 2019
New York, New York

**THE LAW OFFICES OF ABE GEORGE, P.C.**

By:   /s/
Abe George, Esq.
*Attorney for Plaintiff*
40 Wall Street, 60th Floor
New York, NY 10005
(P) 212-498-9803
(F) 646-558-7533
abe@abegeorge.lawyer